## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| JAMES McCRACKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-2203-STA-dkv |
| | ) | |
| SHELBY COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION TO DEFER CONSIDERATION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff James McCracken's Motion to Defer Consideration of Defendant's Motion for Summary Judgment (D.E. # 9) filed on April 5, 2012.  Defendant Shelby County has filed a response in partial opposition.  Also before the Court is Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (D.E. # 6) filed on March 26, 2012. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.  Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment is **DENIED**.

## BACKGROUND

On February 8, 2012, Plaintiff filed his Complaint in the Circuit Court for Shelby County, alleging violations of his civil rights and seeking relief pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that in February 2011 he was a non-violent detainee at the Shelby County Jail located at 201 Poplar Avenue, Memphis, Tennessee.  The Complaint states that Plaintiff was attacked without

provocation by another inmate housed in the same unit at the jail. Plaintiff alleges that Defendant negligently failed to protect Plaintiff in violation of the Tennessee Governmental Tort Liability Act ("GTLA") and that Defendant's custom or policy was the moving force behind the violation of Plaintiff's constitutional rights in violation of section 1983. On March 12, 2012, Defendant removed this matter to United States District Court.

On March 26, 2012, Defendant filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment (D.E. # 6). Defendant seeks judgment as a matter of law as to Plaintiff's claims under the GTLA and section 1983. Defendant seeks dismissal pursuant to Rule 12(b)(6) of Plaintiff's claim for violations of his Eighth Amendment rights and (apparently) for violations of the GTLA. Defendant seeks summary judgment pursuant to Rule 56(a) as to Plaintiff's claim for violations of Fourteenth Amendment rights. In support of its Motion for Summary Judgment, Defendant has attached the affidavit of Robert L. Moore, the chief jailer at the jail ("Chief Moore"). Defendant has also filed a video recording with the Court, depicting the attack on Plaintiff.

In response to Defendant's Motion, Plaintiff has filed a Motion to Defer Consideration of Defendant's Motion for Summary Judgment. More specifically, Plaintiff seeks an opportunity to conduct discovery pursuant to Rule 56(d). Plaintiff states that he needs time to depose Chief Moore regarding his knowledge of the facts in this case and about Shelby County policy and procedure generally. Plaintiff points out that Moore has offered an opinion in his affidavit about whether housing at the jail is appropriate. Accordingly, Plaintiff seeks time to name an opinion witness of his own to challenge Moore's conclusions. Plaintiff further states that he needs to depose the officer on duty at the time of the assault as well as other unidentified witnesses. Plaintiff admits that he has received a number of documents in discovery already but has not yet received Defendant's initial

disclosures. Plaintiff also is in the process of drafting written discovery to be propounded to Defendant. Until he has this additional information, Plaintiff contends that he cannot determine whom he will need to depose in order to prepare a response. Under these circumstances, Plaintiff argues that he cannot respond to Defendant's Motion without an opportunity to conduct more discovery.

Defendant has responded to Plaintiff's Motion to Defer and states that it does not oppose a sixty (60) to ninety (90) day period for limited discovery on the matters Plaintiff raises in his Motion. Defendant asserts that on July 6, 2011, Plaintiff received a copy of a video recording of the assault and Shelby County's incident report about the assault. Defendant states that it provided its Rule 26 initial disclosures to Plaintiff on April 5, 2012, the same day on which Plaintiff filed the Motion to Defer. As for additional discovery, Defendant states that it does not oppose a limited discovery period for Plaintiff to depose Chief Moore and the officer on duty at the time of the assault. Defendant does oppose extending the time for Plaintiff to respond to the dispositive Motion until the deadline for discovery under the current scheduling order, which is November 29, 2012.[1] Defendant adds that "Plaintiff is, presumably, going to respond to the Rule 12 portion of the defense motion."[2]

## ANALYSIS

Federal Rule of Civil Procedure 56(b) permits a party to move for summary judgment "at any time until 30 days after the close of all discovery."[3] Thus, it is clear that a party may seek summary

---

[1] Scheduling Order Mar. 22, 2012 (D.E. # 5).

[2] Def.'s Resp. in Opp'n 2 (D.E. # 10).

[3] Fed. R. Civ. P. 56(b).

judgment very early in the proceedings even before the parties have had the opportunity to conduct

formal discovery. On the other hand, a non-moving party must receive "a full opportunity to conduct

discovery" in order to respond to a motion for summary judgment.[4] To that end Rule 56(d) provides

that the court may "allow time to obtain affidavits or declarations or to take discovery."[5] In order

to invoke Rule 56(d), however, the party opposing the motion for summary judgment must show "by

affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

opposition."[6] The Sixth Circuit has ruled that the filing of an affidavit and/or motion pursuant to

Rule 56 is a necessary prerequisite to granting extensions of time for the purpose of obtaining

additional discovery to respond to a motion for summary judgment.[7] Rule 56 also requires that "a

party making such a filing indicate to the district court its need for discovery, what material facts it

---

[4] *Ball v. Union Carbide Corp.*,385 F.3d 713, 719–20 (6th Cir. 2004). *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231–32 (6th Cir. 1994) ("[in light of *Anderson* and *Celotex,*] a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery").

[5] Fed. R. Civ. P. 56(d)(2).

[6] Fed. R. Civ. P. 56(d); *see also Alspaugh v. McConnell*, 643 F.3d 162, 167 n.3 (6th Cir. 2011).

[7] *Plott v. Gen. Motors Corp.,* 71 F.3d 1190, 1196 (6th Cir. 1995). The Court notes that amendments to Rule 56 took effect on December 1, 2010. Much of the case law on motions for additional discovery under Rule 56 discuss the former subdivision (f). The comments to the 2010 amendments indicate that "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Other than recasting subdivision (f) as subdivision (d) and some other stylistic changes, the Court finds that the new subdivision (d) does not significantly differ from the  version of the rule. Therefore, the Court holds that the case law construing the former Rule 56(f) continues to control the application of the newer Rule 56(d).

hopes to uncover, and why it has not previously discovered the information."[8] The Sixth Circuit has

held that it is not an abuse of discretion for the district court to deny the Rule 56 request for

discovery when the party "makes only general and conclusory statements [in its affidavit] regarding

the need for more discovery and does not show how an extension of time would have allowed

information related to the truth or falsity of the [claim] to be discovered."[9]

The Court holds that Plaintiff has met his burden to show that additional discovery is

necessary to respond to Defendants' Motion for Summary Judgment. Plaintiff's Motion states that

Defendant has relied on the affidavit of Chief Moore in support of the Rule 56 motion. In order to

respond, Plaintiff argues that he needs an opportunity to depose the Chief Jailer about the statements

in his affidavit. Plaintiff also seeks leave to depose the officer on duty at the time of the assault. The

Court finds that Plaintiff has articulated the reasons he needs the additional discovery with requisite

particularity.[10] Furthermore, it appears to the Court that Defendant does not object to discovery on

these limited issues. Therefore, Plaintiff's request for discovery is **GRANTED**.

Where a court grants a Rule 56(d) motion, the court may "(1) defer considering the motion

or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any

---

[8] *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000). *See also CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008).

[9] *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir. 1999). *See also CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 345 (6th Cir. 2011) (not an abuse of discretion to reject Rule 56(d) affidavit which was not sworn to before notary or signed under penalty of perjury); *Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989) (not an abuse of discretion to reject a Rule 56(f) affidavit as insufficient to support further discovery when the affidavit lacks "any details" or "specificity").

[10] According to Defendant, Plaintiff should now be in receipt of Defendant's initial disclosures.

other appropriate order."[11]   The parties here only disagree as to how long the Court should give

Plaintiff to complete discovery and respond to the Motion for Summary Judgment. Plaintiff requests

that the Court defer consideration of Defendant's Motion for Summary Judgment until after the

current deadline for the completion of all fact discovery, which is November 29, 2012. Defendant

objects to a full discovery period and argues that the Court should grant Plaintiff 60 to 90 days to

complete the discovery he needs for his response to Defendant's Motion for Summary Judgment,

making a response due roughly by the end of September.

The Court finds good cause to allow Plaintiff until November 29, 2012, in which to take

discovery for the purpose of responding to Defendant's Motion. The parties' respective positions

on a discovery deadline are less than two months apart. A full discovery period will give Plaintiff

more than enough time to depose witnesses and formulate a response to the arguments raised in the

Motion for Summary Judgment. Furthermore, Defendant agreed to the November discovery

deadline at the parties' Rule 26(f) planning meeting (D.E. # 4) and submitted an agreed scheduling

order to the Magistrate Judge (D.E. # 5). Defendant filed its dispositive motion only five days later.

If Defendant objected to the full discovery period, Defendant should have raised that issue before

entry of the scheduling order.

The Court also finds that the additional time will allow the Court to resolve the other Rule

12(b)(6) issues Defendant has raised. Defendant highlights the fact that Plaintiff has yet to address

the arguments raised in Defendant's Rule 12(b)(6) Motion.   Upon review of Defendant's

memorandum, the Court finds that it is not entirely clear which arguments are raised under Rule

12(b)(6) and which are made under Rule 56. For example, on the first page of Defendant's brief,

---

[11] Fed. R. Civ. P. 56(d).

Defendant argues that "no claim has been stated as to the 42 U.S.C. § 1983 claim" and also argues that it "is entitled to summary judgment as to the 42 U.S.C. § 1983 claim."[12]  The Court finds that Plaintiff is left to speculate to some extent about which standard applies to which of Defendant's arguments.  This problem could be avoided simply by filing separate motions, with one briefing issues that are properly considered under Rule 12(b)(6) and the other raising issues that are properly treated under Rule 56.

For these reasons, the Court will deny the pending Motion to Dismiss or in the Alternative Motion for Summary Judgment pursuant to Rule 56(d)(1).  Defendant is instructed to re-file a separate  motion to dismiss for failure to state a claim under Rule 12(b)(6), setting forth all of the issues that are proper for resolution under that Rule.  Defendant is further instructed to re-file a separate motion for summary judgment.  Defendant's renewed motions are due within twenty-one (21) days of the entry of this Order.  Plaintiff will then have an opportunity to respond to the renewed motion to dismiss within the normal time provided under the Local Rules.  The additional time for discovery will also allow the Court ample time to take up Defendant's renewed Rule 12(b)(6) motion.  Therefore, Plaintiff's Motion to Defer is **GRANTED**, and Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 20 2012.

---

[12] Def.'s Mot. to Dismiss or Mot. for Summ. J. 1 (D.E. # 6).